## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MATTHEW GROGAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S INC.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Grogan individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

### NATURE OF ACTION

1. This case involves activities conducted by Aaron's Inc. ("Aaron's") contacting individuals believed to be its debtors through use of prerecorded messages and automated calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and the Federal Communication Commission ("FCC" or "Commission") rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").

2. On July 21, 2009, the FCC issued a citation to Aaron's for violations of the TCPA, admonishing Aaron's that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed . . . $16,000 for each such violation or each day of a continuing violation . . . ."

3. Notwithstanding these prior violations of the TCPA and the FCC's citation, and as described more fully below, Aaron's has violated the TCPA by making calls to Plaintiff and Class Members using an "automatic telephone dialing system" and an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1), without Plaintiffs' and Class Members' prior express consent within the meaning of the TCPA.

4. Plaintiff brings this action for injunctive relief and statutory damages, all arising from the illegal activities of Aaron's, which used pre-recorded and automatically dialed messages to solicit payment from individuals it presumably believed to be its debtors.

## JURISDICTION AND VENUE

5. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction

pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Aaron's because Aaron's headquarters is located in Atlanta, Georgia. Aaron's is therefore a resident of the State of Georgia for purposes of personal jurisdiction.

8. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because Aaron's is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Aaron's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

9. Plaintiff Matthew Grogan is, and at all times mentioned herein was, an individual citizen of the State of Ohio.

10. Defendant Aaron's is a Georgia corporation, with its principal place of business in Atlanta, Georgia. The company leases furniture, appliances, and electronic devices to its often credit-challenged customers.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

11. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[2]

13. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

charged for incoming calls whether they pay in advance or after the minutes are used.[3]

14. The 2003 FCC order defined a predictive dialer as "an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a telemarketer will be available to take the call."[4] The FCC concluded that "[t]he basic function of such equipment . . . [is] the capacity to dial numbers without human intervention."[5] The 2008 Declaratory Ruling "affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers."[6] And in yet another order issued in 2012, the FCC again reiterated that the TCPA's definition of an ATDS "covers any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling

---

[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *Id.* at 14,143 n. 31.
[5] *Id.* at 14,092.
[6] 23 FCC Rcd. at 566.

lists."[7]  In 2018, a decision struck down portions of a 2015 FCC Order, but "the prior FCC Orders are still binding."[8]

15. Courts have long held that that a "called party" under the TCPA is the recipient of the call, not the party the caller was intending to reach.[9]

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[10]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[11]

17. In a portion unaffected by the D.C. Circuit, the 2015 FCC Order held that consumers may revoke consent through reasonable methods.  Thus, consumers may revoke consent through any reasonable method, including orally:

---

[7] In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 FCC Rcd. 15391, 15399 (2012).

[8] *Reyes v. BCA Fin. Servs., Inc.*, Case No. 16-24077-CIV, 2018 WL 2220417, at *11 (S.D. Fla. May 14, 2018).

[9] *See, e.g., Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1251 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC,,* 679 F.3d 637, 638-39 (7th Cir. 2012).

[10] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[11] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

"[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."[12]

18.     A single call using both a prerecorded voice and an autodialer constitutes two violations of the TCPA, even if both violations arose from the same call.  *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101 (11th Cir. 2015).

## FACTUAL ALLEGATIONS

19.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.     On or around December 10, 2017, Plaintiff began receiving numerous autodialed and pre-recorded calls on his cellular phone from Aaron's.  When Plaintiff did not pick up the phone, Aaron's left a prerecorded voicemail informing him that it was Aaron's corporate office calling, and that Plaintiff should call Aaron's back at 844-677-9518.  There were at least two numbers that appeared in Plaintiff's caller ID for these calls: 844-677-9515 and 770-802-2195.  Although the last of these numbers appears now to be out of service, the first two currently appear to be associated with Aaron's.

---

[12] 2015 Order at (¶ 64).

21. Plaintiff requested that the calls stop many times. Plaintiff called Aaron's specifically on or around December 18, 2017, to request that the calls cease. Aaron's continued to call his cellular phone anyway.

22. Aaron's is, and at all times mentioned herein was a "person", as defined by 47 U.S.C. § 153(39).

23. In receiving unwanted and unsolicited calls on his cellular telephone, Plaintiff suffered concrete harm in the form of lost time spent fielding the unwanted calls and attempting to get Aaron's to stop the calls, loss of use of his cellular telephone as the calls came in, and the invasion of his privacy and intrusion upon his seclusion.

24. All telephone contact made by Aaron's to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

25. The telephone numbers on which Aaron's used to contact Plaintiff were an "artificial or prerecorded voice" made by an "automatic telephone dialing system," and were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26. Plaintiff did not provide his "prior express consent" allowing Aaron's to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or

prerecorded voice" and placed by an "automatic dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A). In fact, Plaintiff was never a customer of Aaron's, nor had he ever had any dealings with Aaron's whatsoever before Aaron's began calling him.

27. Telephone calls made to Plaintiff's cellular phone by Aaron's were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

28. Telephone calls to Plaintiff's cellular phone made by Aaron's utilized an "artificial or prerecorded voice" and an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

29. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Aaron's to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statute.[13]

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and behalf of all other persons similarly situated (hereinafter referred to as "the Class").

31. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the United States who received a call from Aaron's from an automated telephone dialing system

---

[13] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

> and/or utilizing a prerecorded voice on or after June 8, 2014, for whom Aaron's cannot provide evidence that the Class member provided Aaron's his or her cellular telephone number.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Aaron's and any entities in which Aaron's has a controlling interest, Aaron's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

32. Plaintiff proposes the following Subclass, subject to amendment as appropriate:

> All non-customers of Aaron's who received calls from Aaron's from an automated telephone dialing system and/or utilizing a prerecorded voice on or after June 8, 2014.

Collectively, all these persons will be referred to as "Subclass members." Plaintiff represents, and is a member of, the Subclass. Excluded from the Subclass are Aaron's and any entities in which Aaron's has a controlling interest, Aaron's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

33. Plaintiff does not know the exact number of members in the Class or Subclass, but on information and belief, the number of Class and Subclass members at minimum is in the thousands.

34. Plaintiff and all members of the Class and Subclass have been harmed by the acts of Aaron's, including, but not limited to, the invasion of their privacy, annoyance, waste of time, depletion of their cellular phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

35. This Class Action Complaint seeks injunctive relief and money damages.

36. The joinder of all Class and Subclass members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. The Class and Subclass can be identified easily through records maintained by Aaron's.

37. There are well defined, nearly identical, questions of law and fact affecting all Class and Subclass members. The questions of law and fact involving the Class and Subclass claims predominate over questions which may affect individual Class and Subclass members. Those common questions of law and fact include, but are not limited to, the following:

      a.    Whether non-emergency calls made to Plaintiff and Class and Subclass members' cellular telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

      b.    Whether such calls were made by Aaron's;

      c.    Whether Aaron's can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

      d.    Whether Aaron's conduct was knowing and/or willful;

      e.    Whether Aaron's is liable for damages, and the amount of such damages; and

      f.    Whether Aaron's should be enjoined from engaging in such conduct in the future.

38. As persons who received numerous and repeated telephone calls using an automatic telephone dialing system and an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class and Subclass member. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass, and has no interests which are antagonistic to any member of the Class or Subclass.

39. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

40. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Aaron's to

comply with the TCPA. The interest of Class and Subclass members in individually controlling the prosecution of separate claims against Aaron's is small because the statutory damages in an individual action for the violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and prerecorded the Class and Subclass members did not provide prior express consent required under the statute to authorize such calls to their cellular telephones.

41. Aaron's has acted on grounds applicable to the Class and Subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

42. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

43. The foregoing acts and omissions of Aaron's constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Aaron's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class and Subclass are entitled to treble damages of up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

45. Plaintiff and all Class and Subclass members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiff and Class and Subclass members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

46. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

47. The foregoing acts and omissions of Aaron's constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

48. As a result of Aaron's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class and Subclass members are entitled to an award of $500.00 in statutory

damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Aaron's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class and Subclass members the following relief against Aaron's:

A. Injunctive relief prohibiting such violations of the TCPA by Aaron's in the future;

B. As a result of Aaron's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member treble damages, as provided by statute, of up to $1,500.00 for each and every violation of the TCPA;

C. As a result of Aaron's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member $500.00 in statutory damages for each and every violation of the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class and Subclass;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any

Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclasses, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class and Subclasses;

F.      Such other relief as the Court deems just and proper.

Dated:  June 8, 2018                    By:  */s/ L. Lin Wood*

>   L. LIN WOOD, P.C.
>   L. Lin Wood
>   State Bar No. 774588
>   lwood@linwoodlaw.com
>   G. Taylor Wilson
>   State Bar No. 460781
>   twilson@linwoodlaw.com
>   Jonathan D. Grunberg
>   State Bar No. 869318
>   jgrunberg@linwoodlaw.com
>   1180 West Peachtree Street, Ste. 2400
>   Atlanta, GA 30309
>   Telephone:   (404) 891-1402
>   Facsimile:    (404) 506-9111
>
>   MEYER WILSON CO., LPA
>   Matthew R. Wilson (*pro hac vice* to be filed)
>   Email:  mwilson@meyerwilson.com
>   Michael J. Boyle, Jr. (*pro hac vice* to be filed)
>   Email:  mboyle@meyerwilson.com
>   1320 Dublin Road, Ste. 100
>   Columbus, OH  43215
>   Telephone:  (614) 224-6000
>   Facsimile:  (614) 224-6066

        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (*pro hac vice* to be filed)
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:   (212) 355-9500
Facsimile:    (212) 355-9592

Daniel M. Hutchinson (*pro hac vice* to be filed)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:   (415) 956-1000
Facsimile:    (415) 956-1008

*Attorneys for Plaintiff and the Proposed Class and Subclass*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated:  June 8, 2018	By:  */s/ L. Lin Wood*

        L. LIN WOOD, P.C.
        L. Lin Wood
        State Bar No. 774588
        lwood@linwoodlaw.com
        G. Taylor Wilson
        State Bar No. 460781
        twilson@linwoodlaw.com
        Jonathan D. Grunberg
        State Bar No. 869318
        jgrunberg@linwoodlaw.com
        1180 West Peachtree Street, Ste. 2400
        Atlanta, GA 30309
        Telephone:   (404) 891-1402
        Facsimile:    (404) 506-9111

        MEYER WILSON CO., LPA
        Matthew R. Wilson (*pro hac vice* to be filed)
        Email:  mwilson@meyerwilson.com
        Michael J. Boyle, Jr. (*pro hac vice* to be filed)
        Email:  mboyle@meyerwilson.com
        1320 Dublin Road, Ste. 100
        Columbus, OH  43215
        Telephone:  (614) 224-6000
        Facsimile:  (614) 224-6066

        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
        Jonathan D. Selbin (*pro hac vice* to be filed)
        Email: jselbin@lchb.com
        250 Hudson Street, 8th Floor
        New York, NY  10013
        Telephone:   (212) 355-9500
        Facsimile:    (212) 355-9592

Daniel M. Hutchinson (*pro hac vice* to be filed)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:   (415) 956-1000
Facsimile:    (415) 956-1008

*Attorneys for Plaintiff and the Proposed Class and Subclass*

## **CERTIFICATION UNDER L.R. 7.1D.**

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this CLASS ACTION COMPLAINT is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1C.

This 8th day of June, 2018.

>*/s/ G. Taylor Wilson*
>G. Taylor Wilson