IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MATTHEW GROGAN, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**AARON'S, INC.**<br><br>Defendant. | No. 1:18-cv-02821-AT |

**JOINT MOTION FOR STAY PENDING MEDIATION**

Plaintiff Matthew Grogan ("Plaintiff") and Aaron's, Inc. ("Aaron's") (collectively "the Parties"), by and through their counsel, respectfully move the Court for an Order staying this matter pending the completion of a mediation that the Parties have already scheduled. In support of this Motion, the Parties state as follows:

**A. A stay is the most efficient way to handle the case in the coming months.**

1. In this case, Plaintiff has brought a purported nationwide class action against Aaron's under the Telephone Consumer Protection Act. To date, the

Parties have zealously litigated the case, which has included disputes regarding the scope of discovery, the use of experts, and the class certification deadlines.

2. Recently, the Parties have agreed to mediate the case before an independent mediator, Rodney Max, on October 14, 2019.

3. As part of this agreement to mediate, the Parties have further agreed to request a stay from this Court pending completion of mediation.

4. The Parties believe a relatively short stay pending mediation will be the most effective and efficient way to handle the case in the coming months. Staying the case will allow the Parties to focus on mediation, rather than the significant expert and class certification deadlines that are approaching in the next four months.

5. A stay will also free up the Court's resources. Over the next four months, the current scheduling order requires the Parties to conduct substantial expert discovery and to litigate the issues of class certification, which will require Court intervention. Allowing the Parties to focus on mediation could make these upcoming events moot if the Parties reach a settlement, thereby avoiding the need for the Court to decide class certification.

6. Further, the Court has not scheduled a trial date in this matter yet, meaning that a stay will not delay any trial deadlines.

7. The Parties are making this Motion in good faith and not in an effort to delay resolution of this matter.

**B. After the mediation, the Parties propose the following schedule.**

8. If the Court grants the requested stay, the Parties will keep the Court informed of the status of the case. Specifically, the Parties will file a joint status report informing the Court of the outcome of the mediation within seven (7) days of the mediation.

9. In the event the Parties do not resolve the matter in mediation, they propose the following schedule. This proposed schedule adopts the same framework as the current litigation schedule, Dkt. 65, 66, 72, with the dates pushed back slightly to accommodate the mediation.

    a. Plaintiff's Deadline to File Motion for Class Certification: **December 9, 2019**;

    b. Plaintiff's Deadline to Submit Expert Report(s): **December 9, 2019**;

    c. Defendant's Deadline to Submit Expert Report(s): **January 8, 2020**;

    d. Close of Expert Discovery: **February 7, 2020**;

e. Defendant's Deadline to File Opposition to Motion for Class Certification: **February 24, 2020**;

f. Plaintiff's Deadline to File Reply in Support of Motion for Class Certification: **March 10, 2020**;

g. Deadline for Notice to be Sent to Class Members: Forty-five (45) days after the Court's order on class certification, if a class is certified.

h. Deadline for Class Members to Opt-Out of the Class: Sixty (60) days after deadline for Notice to be provided to class members

i. Deadline for the Parties to File Motions for Summary Judgment: 14 days after the deadline for Class Members to opt out; and

j. Trial: Ninety (90) days after the Court rules on any Motions for Summary Judgment.

WHEREFORE, the Parties respectfully request that this Court grant this Joint Motion and stay this matter pending completion of mediation.

| | |
|---|---|
| Dated:  August 6, 2019 | Respectfully submitted, |
| By: */s/ Matthew R. Wilson*<br>   Matthew R. Wilson, Esq.<br>   Michael J. Boyle, Jr., Esq.<br>   Meyer Wilson Co., LPA<br>   1320 Dublin Road, Suite 100<br>   Columbus, OH 43215<br>   Tel: (614) 224-6000<br>   mwilson@meyerwilson.com<br>   mboyle@meyerwilson.com<br><br>   L. Lin Wood, Jr. Esq.<br>   G. Taylor Wilson, Esq.<br>   Jonathan D. Grunberg, Esq.<br>   L. Lin Wood, P.C.<br>   1180 West Peachtree Street,<br>   Suite 2400<br>   Atlanta, GA 30309<br>   Tel: (404) 819-1402<br>   lwood@linwoodlaw.com<br>   twilson@linwoodlaw.com<br>   jgrunberg@linwoodlaw.com<br><br>   Jonathan D. Selbin<br>   Lieff, Cabrasher, Heiman &<br>   Bernstein, LLP-NY<br>   8th Floor<br>   250 Hudson Street<br>   New York, NY 10013-1413<br>   Tel: (212) 355-9500<br>   jselbin@lchb.com<br><br>   *Attorneys for Plaintiff* | By: */s/ David M. Gettings*<br>   Stephen W. Riddell<br>   (Georgia Bar No. 604810)<br>   stephen.riddell@troutman.com<br>   Cindy D. Hanson<br>   (Georgia Bar No. 323920)<br>   cindy.hanson@troutman.com<br>   TROUTMAN SANDERS LLP<br>   600 Peachtree Street NE, Suite 3000<br>   Atlanta, GA 30308<br>   Telephone:  (404) 885-3000<br>   Facsimile:  (404) 885-3900<br><br>   John C. Lynch*<br>   john.lynch@troutman.com<br>   David M. Gettings*<br>   david.gettings@troutman.com<br>   TROUTMAN SANDERS LLP<br>   222 Central Park Avenue, Suite 2000<br>   Virginia Beach, VA 23462<br>   Telephone:  (757) 687-7500<br>   Facsimile:  (757) 687-7510<br><br>   *Admitted pro hac vice<br><br>   *Counsel for Aaron's, Inc.* |

## **CERTIFICATE OF COMPLIANCE**

This foregoing complies with Local Rule 5.1 and was prepared using a 14-point Times New Roman font.

Dated:  August 6, 2019                              By: */s/ David M. Gettings*
                                                       David M. Gettings
                                                       (admitted *pro hac vice*)