# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiffs Matthew Grogan ("Grogan"), Chad Severson, LaTia Bryant, and Serge Belozerov (together, "Plaintiffs"), for themselves and the Settlement Class members (as defined below), on the one hand, and Aaron's, Inc. d/b/a Aaron's Sales & Lease Ownership and Aarons.com ("Aaron's" or "Defendant"), on the other hand.  Plaintiffs and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

**I.      <u>RECITALS</u>**

**1.01**     On June 8, 2018, Grogan filed a class action in the Northern District of Georgia against Aaron's.  *Grogan v. Aaron's, Inc.*, No. 1:18-cv-02821 (N.D. Ga.).  The Complaint in the Action alleges that Aaron's violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones, without the prior express consent of Grogan and the potential class members, at times they were not customers of Aaron's.  On July 23, 2018, Aaron's answered the Complaint.

**1.02**     On October 19, 2018, Bryant filed a class action against Aaron's in the Northern District of Georgia alleging TCPA claims.  *Mahaffey v. Aaron's, Inc.*, No. 18-cv-4859 (N.D. Ga.).  Bryant learned that her claims overlapped completely with the Action.  *See Grogan*, Dkt. 55, at 5-6.  She dismissed her action without prejudice and retained Grogan's counsel.  *Id.* Severson and Belozerov also retained Grogan's counsel and materially aided the Action by providing information about their experiences with Aaron's.

**1.03**     Defendant denies all material allegations of the Complaint.  Defendant specifically disputes that it used an automatic telephone dialing system or artificial or prerecorded voice message to contact Plaintiffs or potential class members without their prior express consent; that it violated the TCPA; or that Plaintiffs and potential class members are entitled to any relief from Defendant.  Defendant further contends that the Action is not

amenable to class certification.  Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

**1.04**    Discovery in this case has been contested and fulsome, with numerous discovery disputes resolved by the Court.  As a result of review of data and documents produced, depositions taken, and Grogan's filed class certification motion, both Plaintiffs and Defendant have a complete understanding of the strengths and weaknesses of their respective cases.

**1.05**    This Settlement Agreement resulted from good-faith, arm's-length settlement negotiations, including two in-person negotiations before Rodney A. Max, an experienced and well-respected private mediator.    Plaintiffs and Defendant submitted detailed mediation submissions to Mr. Max setting forth their respective views as to the strengths of their cases.

**1.06**    Based on complete discovery and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class members.

**1.07**    Plaintiffs will file an Amended Complaint, with the consent of Defendant, that will add Severson, Bryant, and Belozerov as additional Class Representatives.

**1.08**    The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission as to any legal issues, wrongdoing, or liability on the part of any party to this Settlement Agreement.  The parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.09**    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## II.    DEFINITIONS

**2.01**    "Action" means *Grogan v. Aaron's, Inc.*, No. 1:18-cv-02821 (N.D. Ga.).

**2.02**    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

**2.03**    "Approved Claims" means claims that have been timely submitted and approved for payment.

**2.04**    "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.05**    "Call" or "Called" means voice calls and text messages.

**2.06**    "Cash Award" means a cash payment to an eligible Settlement Class Member.

**2.07**    "Claim Form" means the claim form attached hereto as Exhibit A.

**2.08**    "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

**2.09**    "Claims Period" means the ninety (90) day period that begins on the Settlement Notice Date.

**2.10**    "Claims Administrator" means Angeion Group.

**2.11**    "Class Counsel" means Lieff Cabraser Heimann & Bernstein, LLP and Meyer Wilson Co., LPA.

**2.12**    "Class Notice" means any type of notice that has been or will be provided to the Settlement Class and any additional notice that might be ordered by the Court.

**2.13**    "Class Number" means and represents the Parties' good faith estimate of the number of telephone numbers that may meet the criteria of the Settlement Class, which was 297,012 as of February 10, 2020.

**2.14**   "Class Period" means the period of time as defined in Section 2.31;

**2.15**   "Class Representatives" means Plaintiffs Grogan, Severson, Bryant, and Belozerov.

**2.16**   "Court" shall mean the United States District Court for the Northern District of Georgia, and the judge to whom the Action has been assigned.

**2.17**   "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement pursuant to Section 7.06.f.

**2.18**   "Effective Date" means five business days after the last of the following dates: (i) the date upon which the time expires for filing a notice of appeal of the Court's Final Approval Order, with no appeals having been filed; or (ii) if there is an appeal or appeals of the Final Approval Order, five business days after the date of entry of an order affirming the Final Approval Order without material modification, and the time for review of that order has run, or entry of an order dismissing the appeal(s).

**2.19**   "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing."

**2.20**   "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

**2.21**   "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 180 days after the date on which the last check for a Cash Award was issued.

**2.22**   "Funding Date" means five (5) business days after the Effective Date.

**2.23**   "Notice" means the notices to be provided to members of the Settlement Class as set forth in Section 8 including, without limitation, "Email Notice," "Mail Notice," and "Publication Notice."  The forms of the Email Notice, Mail Notice, and Publication Notice are attached hereto collectively as Exhibit C.

**2.24** "Notice Database" means the database containing Class Members' telephone numbers that Defendant will provide pursuant to Section 7.03.

**2.25** "Objection Deadline" means sixty (60) days from the Settlement Notice Date.

**2.26** "Opt-Out Deadline" means sixty (60) days from the Settlement Notice Date.

**2.27** "Preliminary Approval Order" means the proposed order to be submitted to the Court in connection with preliminary approval, in the form attached hereto as Exhibit D.

**2.28** "Released Claims" means the released claims identified in Section 13.

**2.29** "Released Parties" means Defendant and each and all of its respective past, present, and future, direct and indirect, parents, subsidiaries, affiliated companies and corporations, agents, successors, and predecessor's in interest, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, assigns, or related entities, and each of their respective executors, successors, and legal representatives.

**2.30** "Settlement" or "Settlement Agreement" means this Agreement between Plaintiffs and Defendant and each and every exhibit attached hereto.

**2.31** "Settlement Class" means:  All persons in the United States (1) who were the subscribers or customary users of a telephone number that was Called by Defendant; (2) with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice; (3) from June 8, 2014 through the date the Court grants preliminary approval of the Settlement; (4) where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Defendant's records.

**2.32** "Settlement Class Members" means those persons who are members of the Settlement Class, as set forth in the Settlement Class definition in Section 2.31 above, and who do not timely and validly request exclusion from the Settlement Class.

**2.33** "Settlement Costs" means all costs incurred by the Class and their attorneys, including but not limited to Plaintiffs' attorneys' fees, costs of suit, Plaintiffs' expert or

consultant fees, any incentive payments paid to the Class Representatives, notice costs, costs of claims administration and all other costs of administering the Settlement.

**2.34** "Settlement Fund" means the non-reversionary cash sum of $2,175,000.00 (two million one hundred seventy-five thousand dollars) that Defendant or its insurer will pay to settle this Action and obtain a release of all Released Claims in favor of the Released Parties.

**2.35** "Settlement Notice Date" means no more than forty (40) days after a Preliminary Approval Order is issued.

**2.36** "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 8.05.

**2.37** "Supplemental Agreement" means the separate agreement between the parties designating the number of valid and timely requests for exclusion (opt-outs) that will give the Defendant the right to terminate the Agreement, as well as the procedure for exercising that right. The Supplemental Agreement shall be filed under seal.

**2.38** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any regulations or rulings promulgated under it.

## III.   <u>BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT</u>

**3.01**   <u>Defendant's Position on Certification of Settlement Class</u>.   Defendant disputes that a class would be manageable and further denies that a litigation class properly could be certified on the claims asserted in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification for settlement purposes only of the Settlement Class. Certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the Settlement Class will not be certified, and no doctrine of waiver, estoppel or preclusion will be

asserted in any litigated certification proceedings in this Action.  No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiffs, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

       **3.02**   <u>Plaintiffs' Belief in the Merits of Case</u>.  Plaintiffs believe that the claims asserted in this Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

       **3.03**   <u>Plaintiffs Recognize the Benefits of Settlement</u>.  Plaintiffs recognize and acknowledge, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Class.  Plaintiffs have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiffs and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and that it is in the best interests of the Class to settle as described herein.

## IV.    <u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u>

       **4.01**   <u>Final Class Number</u>.  Based on data provided by, and representations by, Defendant, as of February 10, 2020, approximately 297,012 telephone numbers meet the Settlement Class criteria described in Section 2.31.  The Parties expect that this number will continue to grow in the roughly linear fashion that it has grown through the Class Period until the date of preliminary approval.  The Parties will work together to confirm the final number of members of the Settlement Class to a reasonable degree of certainty.

**4.02**   Monetary Consideration.  Defendant or its insurer shall pay $2,175,000 (two million one hundred seventy-five thousand dollars) in connection with the Settlement.  This sum will be used to pay Approved Claims and any Settlement Costs.  In no event will Defendant or its insurer be required to pay any more than $2,175,000 (two million one hundred seventy-five thousand dollars) in connection with the Settlement.

**4.03**   Eligibility for Cash Awards.  Cash Awards shall be made to eligible Settlement Class Members who make claims.  Each Settlement Class Member shall be entitled to make one claim for a Cash Award, regardless of the number of calls received.

**4.04**   Amount Paid per Claim.  Each Settlement Class Member who makes a valid and timely claim shall receive a Cash Award.  The amount of each Cash Award shall be determined by the following formula:  (Total Settlement Fund – Settlement Costs) ÷ (Total Number of Valid and Timely Claims) = Cash Award.  Therefore, the Cash Award for each Settlement Class Member who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members.

## V.      ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES

**5.01**   Class Representative and Class Counsel Appointment.  For settlement purposes, and subject to Court approval, Matthew Grogan, Chad Severson, LaTia Bryant, and Serge Belozerov are appointed as the Class Representatives for the Class.

**5.02**   Attorneys' Fees and Costs.  Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  Class Counsel shall be entitled to payment of the fees awarded by the Court out of the Settlement Fund within five (5) business days of the Funding Date.  No interest will accrue on such amounts at any time.

**5.03**   Payment to Class Representatives.  The Class Representatives will ask the Court to award them incentive payments for the time and effort they have personally invested in the Action and their actions on behalf of the Settlement Class.  Plaintiff Grogan will request up to $10,000, and each of the remaining Plaintiffs will request up to $5,000.  Within five (5) business

days of the Funding Date, and after receiving W-9 forms from the Class Representatives, the Claims Administrator shall pay to Class Counsel the amount of incentive payments awarded by the Court out of the Settlement Fund, and Class Counsel shall disburse such funds.  No interest will accrue on such amounts at any time.

**5.04**     Settlement Independent of Award of Fees, Costs and Incentive Payments.     The payments of attorneys' fees, costs, and incentive payments set forth in Sections 5.02 and 5.03 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.   However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' requests for such payments or awarding the particular amounts sought by Plaintiffs.  In the event the Court declines Plaintiffs' requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

## VI.     **PRELIMINARY APPROVAL**

**6.01**     Order of Preliminary Approval.  As soon as practicable after the execution of this Agreement, Plaintiffs shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, the Plaintiffs will request that:

a.      the Court find it will likely be able to approve the Settlement as fair, reasonable, and adequate;

b.      the Court find it will likely be able to certify the Settlement Class;

c.      the Court approve the form(s) of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

d.      the Court direct that Notice be sent to the Class;

e.      the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

f.      the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## VII.    <u>ADMINISTRATION AND NOTIFICATION PROCESS</u>

**7.01**    <u>Settlement Funding</u>.  If the Court has entered a Final Approval Order consistent with the order described in Section 2.20 and the Effective Date has occurred, then by the Funding Date, Defendant shall transfer the sum of $2,175,000 – minus any credit Defendant receives from payments it has already made – to the fund that the Claims Administrator establishes to hold the Settlement Fund.

**7.02**    <u>Third-Party Claims Administrator</u>.  The Settlement will be administered by the Claims Administrator, who will be jointly chosen and overseen by Class Counsel and Defendant, subject to Court approval.  The Claims Administrator's responsibilities include, but are not limited to, giving notice, obtaining Settlement Class Member contact information using telephone numbers provided by Defendant; obtaining new addresses for returned email and mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any invalid Claim Form, including those where there is evidence of fraud, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.   The Claims Administrator will provide monthly updates on the status of administration, including claims, exclusions, and objections, to counsel for all Parties.

**7.03**    <u>Notice Database</u>. To facilitate the notice and claims administration process, Defendant will provide to the Claims Administrator as soon as practicable and, in any case, no later than 10 days after the Court's entry of the Preliminary Approval Order, in an electronically searchable and readable format, the telephone numbers that it called with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice, from June 8, 2014 though the date the Court grants preliminary approval of the Settlement, where that telephone number has been

associated with a wrap-up code of "wrong party" at any time in Defendant's records.  Defendant will also provide, to the extent reasonably available in Defendant's computerized account records, names, e-mail addresses, and mailing addresses associated with each telephone number referenced above.

**7.04**    Any personal information relating to members of the Settlement Class provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing notice to members of the Settlement Class and allowing them to recover under this Settlement.  This information shall be kept in strict confidence, shall not be disclosed to any third party, and shall not be used for any other purpose besides administration of the Settlement.  Should the Effective Date not occur for any reason, the Claims Administrator and Class Counsel shall delete any personal information they receive relating to members of the Settlement Class in connection with the Settlement within ten (10) days of any demand Defendant makes.

**7.05**    <u>Payment of Notice and Claims Administration Costs</u>.  Before the entry of the Final Approval Order, the Claims Administrator shall only take such action toward notice and settlement administration that is reasonable and absolutely necessary.  Defendant or its insurer shall fund the reasonable and necessary costs of notice and settlement administration that are incurred prior to the Funding Date.  Defendant will be given credit for all such payments, which shall be deducted from the amount ultimately transferred to fund the Settlement Fund on the Funding Date.  No later than four (4) days after Class Counsel submits the Motion for Preliminary Approval of the Settlement, the Claims Administrator shall provide an estimate – for Defendant's and Class Counsel's review and approval – of the amount of reasonable and necessary costs required to identify members of the Settlement Class, mail and email notice, establish the Settlement Website, and establish a toll-free telephone number, as well as any other initial administration costs.  Assuming there is no objection to the amount of the proposed costs, Defendant or its insurer shall pay the estimated amount to the Claims Administrator within ten (10) days after the entry of the Preliminary Approval Order.  After that upfront payment of

administration costs by Defendant or its insurer, the Claims Administrator shall bill Defendant monthly for any reasonable and necessary additional costs of settlement administration, until such time as the Settlement Fund is established.  Any amounts paid by Defendant for the estimated costs of administration which are not actually incurred by the Claims Administrator shall be used for other necessary administration costs, or shall be deducted from future billings by the Claims Administrator.  The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the Settlement and shall provide those to the Parties monthly.  At the time Defendant funds the Settlement Fund, all amounts previously paid to the Claims Administrator by Defendant shall be deducted from the total payment which it is required to pay to create the Settlement Fund.  After Defendant has funded the Settlement, Defendant shall have no further obligation to pay any amount under this Settlement Agreement, and any additional Settlement Costs shall be paid out of the Settlement Fund.

**7.06**   <u>Distribution of the Settlement Fund</u>.  The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

a.   first, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay to Class Counsel the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 5.02;

b.   next, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay to the Class Representatives any incentive awards ordered by the Court, as described in Section 5.03;

c.   next, no later than twenty (20) days after the Funding Date, the Claims Administrator shall be paid for any previously unreimbursed costs of administration;

d.   next, no later than thirty (30) days after the Funding Date, the Claims Administrator shall mail the Cash Awards to eligible Settlement Class Members pursuant to Section 9;

e.      next, if checks that remain uncashed after 180 days of the first distribution yield an amount that, after deducting administration costs, would allow a second pro rata distribution to the qualifying claimants equal to or greater than $1.00 per qualifying claimant, the Claims Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed settlement checks.

f.      finally, if a second pro rata distribution is not made, the uncashed amount remaining in the Settlement Fund will be paid to a non-profit(s) to be determined by the Parties and approved by the Court.  The non-profit must be one in which the Parties represent that they do not have any financial interest or otherwise have a relationship sufficient to create any conflict of interest.  If a second pro rata distribution is made, the amount of any checks in the second distribution that remain uncashed after 180 days will be distributed to the identified non-profit(s) on the Final Distribution Date.  If, for any reason, the Parties determine that the proposed non-profit recipient is no longer an appropriate recipient, or the Court determines that the proposed recipient is not or is no longer an appropriate recipient, the Parties shall agree on a replacement recipient of such monies, subject to Court approval.

## VIII.   <u>NOTICES</u>

**8.01**   <u>Settlement Class Member Identification.</u>   The Claims Administrator, in consultation with Defendant and Class Counsel, shall perform a "reverse lookup" of telephone numbers provided by Defendant in the Notice Database to identify the names, mailing addresses, and email addresses of individuals who were or may have been the user or subscriber of each telephone number during the Class Period.

**8.02**   <u>Timing of Class Notice</u>.  The Claims Administrator shall provide the Notice to all persons in the Settlement Class within forty (40) days following entry of the Preliminary Approval Order in the manner described herein.

**8.03**   <u>Mailing of Settlement Notice</u>.  The Claims Administrator shall send the Mail Notice and Email Notice via first class mail and email, respectively, to the best available and

most recent mailing and email addresses reflected in the Notice Database or generated through the process for settlement class member identification in Section 8.01.

       a.     <u>Address Confirmation</u>.  The last known mailing address of persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator will conduct a reasonable search to locate an updated address for any person in the Settlement Class whose Mail Notice is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall update addresses based on any requests received from persons in the Settlement Class.  The last known email address will be subject to confirmation or updating as follows: (i) for each email address that is either missing, or returned as undeliverable with no forwarding email address provided, the Claims Administrator will conduct a search using the corresponding telephone number in the Notice Database and, provided a reasonable match is found showing a new email address, update the email address accordingly, and (ii) the Claims Administrator will update email addresses based on verified requests received from Settlement Class Members.  The Claims Administrator will promptly re-email the Notices to the updated email addresses provided under scenarios (i) and (ii) above.  All costs of email address confirmation shall be considered Settlement Administration Costs and deducted from the Settlement Fund.

       b.     <u>Re-Mailing of Returned Settlement Notices</u>.  The Claims Administrator shall promptly re-mail and/or re-email any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.  The Claims Administrator shall perform skip tracing for all returned email and mail.

       c.     <u>Costs Considered Settlement Costs</u>.  All costs of address confirmation, skip tracing, re-mailing, and/or re-emailing of returned Notices will be considered Settlement Costs and deducted from the Settlement Fund.

**8.04**   Publication Notice.   The Claims Administrator shall design and conduct a nationwide publication website-based notice program, which the Parties believe will fully satisfy the requirements of due process.  The nationwide publication website-based notice program will be developed by the Claims Administrator and will be subject to approval by all Parties.  The nationwide publication website-based notice program will be submitted to the Court with Plaintiffs' Motion for Preliminary Approval.  The nationwide publication website-based notice program will be initiated on the Settlement Notice Date.

**8.05**   Internet Notice.   By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated Settlement Website containing information regarding the Settlement Class and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete, and submit electronically.   At a minimum, such documents shall include the Settlement Agreement and attached exhibits, Mail Notice, Email Notice, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint in the Action, and when filed, the Final Approval Order.

**8.06**   Toll-Free Telephone Number.   Within ten (10) days of entry of the Preliminary Approval Order, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement.   That telephone number shall be maintained until thirty (30) days after the Claims Deadline.    After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related Settlement Website.

**8.07**   CAFA Notice.   Defendant shall be responsible for serving the Class Action Fairness Act ("CAFA") Notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion.  Defendant may use the Claims Administrator to facilitate the CAFA Notice.

## IX.   CLAIMS PROCESS

**9.01**   Potential Claimants.  Each member of the Settlement Class who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim.  Each Settlement Class Member shall be entitled to make one claim regardless of the number of times the Settlement Class Member was Called.

**9.02**   Conditions for Claiming Cash Award.  To make a claim, Settlement Class Members must submit by the Claims Deadline a valid and timely Claim Form, which shall contain the information set forth in Exhibit A hereto, including the following:  (i) the Settlement Class Member's full name; (ii) the telephone number at which Defendant allegedly contacted the Settlement Class Member; (iii) affirmation that the Settlement Class Member received a call on behalf of Defendant to a telephone number that the Settlement Class Member used or subscribed to; and (iv) affirmation that the Settlement Class Member was not a customer of Defendant at the time of the call(s).  If a Settlement Class Member fails to fully complete a Claim Form, the Claim Form will be invalid.  Defendant shall have the right to review and research the submitted Claim Forms and to suggest denial of claims if Defendant has a good faith belief that such claims are improper or fraudulent.  Any suggestion of denial of claims shall be provided to Class Counsel in writing.  If the Parties cannot agree upon which claims should be denied then they shall submit the issue to the Court for determination.

**9.03**   Mailing of Settlement Check.  Settlement checks shall be sent to Settlement Class Members who submit valid and timely claims by the Claims Administrator via U.S. mail no later than thirty (30) days after the Funding Date.  If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.03.  If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.  The Claims Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable.  Each

settlement check will be negotiable for one hundred eighty (180) days after it is issued.  If checks that remain uncashed after 180 days of the first pro rata distribution yield an amount that, after administration costs, would allow a second pro rata distribution to the qualifying claimants equal to or greater than $1.00 per qualifying claimant, a second pro rata distribution will be made.  If a second pro rata distribution is made, the amount of any checks that remain uncashed after 180 days will be distributed to the non-profit indicated in Sections 7.06.f.

## X.   OPT-OUTS AND OBJECTIONS

**10.01**   Opting Out of the Settlement.  Any members of the Settlement Class who wish to exclude themselves from the Settlement Class must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt-Out Deadline.

**10.02**   Opt-Out Information.  The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives, and shall provide a list of all Settlement Class members who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.01.  Members of the Settlement Class who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section 13 below.

a.   In the written request for exclusion, the Settlement Class member must state: (1) his or her full name, address, and telephone number where he or she may be contacted; (2) the telephone number(s) on which he or she maintains he or she was called; and (3) a statement in the written request that he or she wishes to be excluded from the Settlement.  The request for exclusion must be personally signed by the member of the Settlement Class submitting the request.  A request to be excluded that does not include all of the foregoing information, that is not sent to the Claims Administrator, that is not postmarked by the Opt-Out Deadline, or that is not personally signed, shall be invalid.

b.   Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms

of this Agreement.  If the Claims Administrator believes any opt-out request is ambiguous as to its validity, the Claims Administrator shall provide that request to Class Counsel and Defendant for review.

**10.03**  Objections.  Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court by the Objection Deadline.

a.  In the written objection, the Settlement Class Member must state: (1) his or her full name; (2) his or her address; (3) the telephone number where he or she may be contacted; (4) the telephone number(s) that he or she maintains were called; (5) all grounds for the objection, with specificity and with factual and legal support for each stated ground; (6) the identity of any witnesses he or she may call to testify; (7) copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; (8) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (9) a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel; and (10) a statement as to whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class. Such objection must be filed with the Court with a postmark date on or before the Objection Deadline.

**10.04**  Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## XI.    FINAL APPROVAL AND JUDGMENT ORDER

**11.01**  No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**   If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

       a.    Plaintiffs shall request that the Court enter the Final Approval Order in substantially the form attached as Exhibit B, with Class Counsel filing a memorandum in support of the motion; and,

       b.    Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement.

**11.03**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement Class should be certified, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

**11.04**   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

       a.    finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

       b.    finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

       c.    certifies the Settlement Class;

       d.    finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release in Sections 13.01, the bar in Section 13.02, and the covenant not to sue in Section 13.03, and that this Settlement Agreement should be and is approved;

       e.    dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

f.      permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or the Released Parties; and,

g.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## XII.   **FINAL JUDGMENT**

**12.01** The judgment entered at the Final Approval Hearing shall be deemed final:

a.      Thirty (30) days after entry of the judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or

b.      If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.04.

## XIII.   **RELEASE OF CLAIMS**

**13.01** Released Claims.  Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and any customary or authorized users of their accounts or telephones, will be deemed to have fully released and forever discharged the Released Parties from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory that arise out of or are related in any way to the actual or alleged use by Defendant of an artificial or prerecorded voice and/or any automatic telephone dialing system (to the fullest extent that those terms are used, defined or

interpreted under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law), including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act or state law analogs arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice (the "Released Claims").

**13.02**   Stay/Bar of Proceedings:   All proceedings in the Action shall be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.   Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Final Approval Order shall include an injunction that no person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.   The Settlement will be conditioned upon the entry of such an injunction in the Final Approval Order.   Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

**13.03**   Covenant Not To Sue. Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.   Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

XIV.     **TERMINATION OF AGREEMENT**

**14.01**   Either Side May Terminate the Agreement. Plaintiffs and Defendant shall each have the right to unilaterally terminate this Agreement by providing written notice of his, their or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

a.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

b.      an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties;

d.      the Effective Date does not occur; or

e.      any other ground for termination provided for elsewhere in this Agreement occurs.

In addition to the mutual termination rights above, Defendant shall have the right to terminate the Agreement, in its sole discretion, if the number of valid and timely requests for exclusion (opt-outs) by members of the Settlement Class equals or exceeds the amount specified in the Supplemental Agreement filed with the Court under seal.

**14.02**   Revert to Status Quo.  If either Plaintiffs or Defendant terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Claims Administrator for services rendered up to the date of termination shall not be refunded to Defendant.

## XV.     NO ADMISSION OF LIABILITY

**15.01**   Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in Action.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein shall constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that classes may be certified in those actions, other than for settlement purposes.   To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**15.02**   Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## XVI.    MISCELLANEOUS

**16.01**   No Representation.  Class Counsel warrant that, to their knowledge, they do not currently represent any individuals besides Plaintiffs who have claims, or who have contemplated claims, against Defendant.

**16.02**   Entire Agreement. This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  Besides the terms of this Settlement Agreement and the exhibits

- 23 -

hereto, there are no other agreements required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**16.03**   Governing Law. This Agreement shall be governed by the laws of the State of Georgia.

**16.04**   Future Changes in Laws or Regulations.   To the extent Congress, the Federal Communications Commission or any other relevant regulatory authority or court promulgates different requirements under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.  However, the Parties agree that changes in law shall not provide any basis for any attempt to alter, modify or invalidate this Settlement.

**16.05**   Jurisdiction.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

**16.06**   No Construction Against Drafter. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**16.07**   Resolution of Disputes. The Parties shall cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

**16.08**   Counterparts.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____ April 27 _____, 2020.

DATED: _____          Plaintiff Matthew Grogan

                                  _____

DATED: _____          Plaintiff Chad Severson

                                  _____

DATED: _____          Plaintiff LaTia Bryant

                                  _____

DATED: _____          Plaintiff Serge Belozerov

                                  _____

DATED: 4/28/2020                  Defendant Aaron's, Inc.
       _____

                                  By: _Douglas Lindsay_____
                                      DocuSigned by:
                                      DE4184378C8C404...

                                  Name: _Douglas Lindsay_____

                                  Title: _President_____

DocuSign Envelope ID: 5444687E-0C8B-4831-B2F7-7AC8934D3543

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2020.

DATED: 4-27-20          Plaintiff Matthew Grogan

_____

DATED: _____  Plaintiff Chad Severson

_____

DATED: _____  Plaintiff LaTia Bryant

_____

DATED: _____  Plaintiff Serge Belozerov

_____

DATED: _____  Defendant Aaron's, Inc.

By:_____

Name: _____

Title: _____

- 26 -

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2020.

DATED: _____          Plaintiff Matthew Grogan

_____

DATED: _4/27/2020____          Plaintiff Chad Severson

_____

DATED: _____          Plaintiff LaTia Bryant

_____

DATED: _____          Plaintiff Serge Belozerov

_____

DATED: _____          Defendant Aaron's, Inc.

By:_____

Name: _____

Title: _____

John C. Lynch
David M. Gettings
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
John.lynch@troutmansanders.com
David.gettings@troutmansanders.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2020.

DATED: _____     Plaintiff Matthew Grogan

_____

DATED: _____     Plaintiff Chad Severson

_____

DATED: _____4/27/2020_____     Plaintiff LaTia Bryant

_____

DATED: _____     Plaintiff Serge Belozerov

_____

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2020.

DATED: _____        Plaintiff Matthew Grogan

                                     _____

DATED: _____        Plaintiff Chad Severson

                                     _____

DATED: _____        Plaintiff LaTia Bryant

                                     _____

DATED: ____4/28/2020_____     Plaintiff Serge Belozerov

                                     *Serge Belozerov*
                                     DocuSigned by:
                                     448CAD59C1084DB...
                                     _____

DATED: _____        Defendant Aaron's, Inc.

                                     By:_____

                                     Name: _____

                                     Title: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _____April 28_____, 2020       TROUTMAN SANDERS LLP


By_____
      John C. Lynch
      David M. Gettings
      Attorneys for Defendant Aaron's, Inc.


DATED: _____April 27_____, 2020       LIEFF CABRASER HEIMANN & BERNSTEIN
                                      LLP

By_____
      Daniel M. Hutchinson
      Class Counsel


DATED: _____, 2020            MEYER WILSON CO., LPA


By_____
      Matthew R. Wilson
      Class Counsel

APPROVED AS TO FORM AND CONTENT:

DATED: _____, 2020          TROUTMAN SANDERS LLP

By_____
    John C. Lynch
    David M. Gettings
    Attorneys for Defendant Aaron's, Inc.

DATED: _____, 2020          LIEFF CABRASER HEIMANN & BERNSTEIN
                                       LLP

By_____
    Daniel M. Hutchinson
    Class Counsel

DATED: __4/28/20_____, 2020          MEYER WILSON CO., LPA

By_____
    Matthew R. Wilson
    Class Counsel

**16.09**   Time Periods.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**16.10**   Authority.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**16.11**   No Oral Modifications.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendants and Plaintiffs, and approved by the Court.

**16.12**   Notices.   Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

If to Class Counsel:

Matthew Wilson
Meyer Wilson
1320 Dublin Road, Suite 1000
Columbus, OH 43215
Telephone: (614) 384-7031
mwilson@meyerwilson.com

Daniel M. Hutchinson
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com

If to counsel for Defendant

John C. Lynch
David M. Gettings
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
John.lynch@troutmansanders.com
David.gettings@troutmansanders.com

# EXHIBIT A

*Grogan v. Aaron's, Inc.*, No. 1:18-CV-02821 (N.D. Ga.)

## SETTLEMENT CLAIM FORM

**To receive benefits from this Settlement, you must, on or before [DATE], submit your claim online at www.AaronsTCPASettlement.com or fill out this Claim Form, sign it, and mail to:**

**Aaron's Inc. TCPA Settlement Administrator**
**[INSERT ADDRESS]**

IMPORTANT NOTE: You should not submit more than one Claim Form. Submitting more than one Claim Form will not increase your compensation under the Settlement Agreement.

**You should only submit this Claim Form if you are a member of the Settlement Class and You received one or more phone calls from Aaron's to a telephone number that you used or subscribed to, but you were not an Aaron's customer at the time you received the calls.**

FIRST NAME                                                      MI          LAST NAME

STREET ADDRESS

CITY                                                                  STATE      ZIP

CONTACT PHONE NUMBER

EMAIL ADDRESS

 PHONE  NUMBER  AT  WHICH  YOU  RECEIVED  PHONE  CALL(S)  FROM  AARON'S

*I declare that I am a member of the Settlement Class, I have accurately filled out this form, and I received a pre-recorded or automated voice call from Aaron's to a telephone number that I used or subscribed to at a time when I was not a customer of Aaron's, Inc..*

**Signature:**                                                         **Date:**                   MM        DD        YYYY

*Remember  to  submit  your  Claim  Form  by  **[date]**.*
*If you have questions, visit www.AaronsTCPASettlement.com or call 1-XXX-XXX-XXXX.*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW GROGAN, individually and on behalf of all others similarly-situated, | CIVIL ACTION NO.: 1:18-CV-02821-JPB |
| Plaintiff, | |
| v. | |
| AARON'S INC., | |
| Defendant. | |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

The Court having held a Final Approval Hearing on [DATE], having entered an Order Granting Preliminary Approval of Proposed Settlement Agreement (the "Preliminary Approval Order"), and notice of the Final Approval Hearing been duly given in accordance with this Court's order,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3.      The members of the Settlement Class, who will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit a timely and valid Request for Exclusion. The members of the Settlement Class who have timely requested exclusion are identified in <u>Exhibit A</u> hereto.

4.      Plaintiffs Matthew Grogan, Chad Severson, LaTia Bryant, and Serge Belozerov (collectively, "Plaintiffs") shall serve as Class Representatives of the Settlement Class.

5.      The Court appoints the following counsel as Class Counsel on behalf of Plaintiffs and the Settlement Class: Matthew Wilson, Meyer Wilson, Co., LPA.; and Jonathan D. Selbin and Daniel M. Hutchinson of Lieff Cabraser Heimann & Bernstein, LLP.

6.      For purposes of the Settlement and this Final Approval Order, the Settlement Class is defined as:

>      All persons in the United States:
>
>      a.      who were the subscribers or customary users of a telephone number that was Called by Defendant;
>      b.      with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice;
>      c.      from June 8, 2014 through the entry of the Preliminary Approval Order;
>      d.      where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Defendant's records.

7.      Excluded from the Settlement Class are all persons who validly and timely elect to exclude themselves from the Settlement Class, Aaron's, its parent

companies, affiliates or subsidiaries, and any entities in which such companies have a controlling interest, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

8.      The Court finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including requirements for the existence of numerosity, commonality, typicality, and adequacy of representation.

9.      The Court further finds, solely for the purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied, including the manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this case.

10.     The Court concludes that the Class notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure, satisfy the requirements of due process, and were the best notice practicable, under the circumstances, in that the Class Notice provided individual notice to all Settlement Class Members who could be identified through reasonable effort.  The Class notice and claims submission procedures set forth in the Settlement Agreement support the Court's exercise of

jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

11.     The Court finds that Aaron's provided Class Action Fairness Act notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 on [date], which was within ten days of the filing of the Preliminary Approval Motion, [insert Docket Number], and that more than ninety (90) days has passed without comment or objection from any governmental entity.

12.     The Court finds that the Settlement, as set forth in the Settlement Agreement and this Order satisfies each of the requirements of Fed. R. Civ. P. 23(e)(2) and is in all respects fair, adequate, and reasonable.

13.     The Court finds, after reviewing the submissions by the Parties, that there are no side agreements required to be identified pursuant to Fed. R. Civ. P. 23(e)(3).

14.     The Court finds that the Class Representatives and Class Counsel have adequately represented the Class. The Court finds that the Class Representatives and Class Counsel vigorously and effectively represented the Class through the filing of a motion for class certification.

15.     The Court finds that the Settlement was negotiated at arm's length, with the assistance of an experienced mediator, and without collusion.

16.     The Settlement is non-reversionary and is proposed to be distributed on a pro-rata basis, a method that is well-established as fair.

17.     The Court finds that the relief provided by the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class, when measured against, among other things, the costs, risk, and delay of trial and appeal.

18.     The Court also finds that because the Settlement provides an equal pro rata distribution of the Settlement funds, the Settlement treats all Class Members equitably to one another.

19.     For these reasons, the Court grants final approval of the Settlement. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

20.     Upon the Effective Date, the Settlement Class Members shall have, by operation of this Final Approval Order, fully, finally and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to Section 13 of the Settlement Agreement.

21.     Settlement Class Members are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Parties.

22.    This Final Approval Order, the Final Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Aaron's or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

23.    The claims of the Class Representatives and all members of the Settlement Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Expenses in this case, entered in response to Class Counsel's motion therefor brought in connection with the Settlement, the Parties shall bear their own costs and attorneys' fees.

24.    In the event that Aaron's asserts any provision of the Settlement Agreement or this Order as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), Aaron's shall be entitled to seek and obtain a stay of that that suit, action or other proceeding until this Court, or the court or tribunal in which the claim is pending, has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding,

to the fullest extent they may effectively do so under applicable law, the parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement.

25.    The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

26.    If for any reason the Settlement terminates pursuant to Section 14.01 of the Settlement Agreement, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Action pursuant to Section 14.02 of the Settlement Agreement, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement, and all other papers that have been filed with

the Court related to the Settlement Agreement had never been reached or proposed to the Court.

27.    Having reviewed the Motion for Approval of Attorneys' Fees, Expenses and Incentive Awards, the Court approves payment of attorneys' fees in the amount of one-third of the Settlement Fund ($725,000.00), plus reimbursement of costs and expenses in the amount of $XXXX. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons:

a.    First, the Court finds that the Settlement provides substantial benefits to the Settlement Class.

b.    Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel.

c.    Third, the Court concludes that the Settlement was negotiated at arm's length without collusion and with the assistance of an experienced mediator.

d.    Finally, the Court notes that the Class Notices specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to an amount greater than the amount sought.

28.     The Court approves Incentive Awards for the Class Representatives in the following amounts: $10,000.00 for Matthew Grogan; $5,000.00 for Chad Severson; $5,000.00 for LaTia Bryant; and $5,000.00 for Serge Belozerov. The Court specifically finds such amounts to be reasonable in light of the services performed by the Class Representatives for the Settlement Class, including taking on the risks of litigation, helping achieve the compensation being made available to the Settlement Class, and as to Plaintiff Grogan, for providing discovery. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

29.     The Court finds that no reason exists for delay in entering this Final Order. Accordingly, the Clerk is directed to enter this Final Order and the accompanying Final Judgment pursuant to Fed. R. Civ. P. 54(b).

30.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Final Judgment and do not limit the rights of the Settlement Class Members.

31.     Without affecting the finality of this Final Order or the Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters

related to the administration, consummation, enforcement, and interpretation of the

Settlement Agreement and this Final Order and accompanying Final Judgment, and

for any other necessary purpose.

**IT IS SO ORDERED.**

Dated: _____, 2020          _____

                                        Hon. J. P. Boulee
                                        United States District Court Judge

# EXHIBIT C

# POSTCARD NOTICE

This is a summary notice only and additional details can be found at www.AaronsTCPASettlement.com.

<u>Summary of the Settlement</u>: Aaron's Inc. d/b/a Aaron's Sales and Lease Ownership ("Aaron's") has agreed to establish a Settlement Fund of $2,175,000.00 to: pay Settlement Class Members who make valid and timely claims; pay service awards of no more than $10,000 to the lead class representative, and $5,000 each to the other three class representatives; pay attorneys' fees and costs awarded by the Court (Class Counsel will ask the Court to award fees and costs of up to 33-1/3% of the Settlement Fund, or $725,000); and pay settlement notice and administration costs.

<u>Who Is Included?</u> The Settlement Class includes: (1) all persons who were the subscribers or customary users of a telephone number that was called by Aaron's; (2) with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice; (3) from June 8, 2014 through [date]; (4) where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Aaron's records.

<u>Can I Get Money from the Settlement</u>? Yes, each Class Member who submits a valid and timely Settlement Claim will receive a cash award. Cash awards are available to those Class Members who attest that they received calls from Aaron's when they were not customers of Aaron's. How much each Class Member receives depends on how many people make approved claims. You can make a claim by either: 1) submitting online at www.AaronsTCPASettlement.com; or 2) mailing a completed Claim Form downloaded from the Settlement website to the address below.

<u>What Should I Do?</u> Class Members have four options: (1) <u>Submit a Claim</u> to the Settlement Administrator for a share of the Settlement Fund by [INSERT DATE]. If the settlement is approved, you will not have the right to sue separately about the issues in the lawsuit. (2) <u>Remain a Class Member but object</u> to the Settlement. Instructions for objecting are available at www.AaronsTCPASettlement.com. Objections and supporting documents must be sent to the Settlement Administrator, Class Counsel, defense counsel, and the Court and be postmarked by [INSERT DATE]. You may choose to pay for and be represented by a lawyer who may send the objection for you. (3) <u>Exclude yourself</u> from the Settlement by mailing a request form to the Settlement Administrator (not the Court). Instructions for excluding yourself are available at www.AaronsTCPASettlement.com. Exclusions must be postmarked no later than [INSERT DATE]. (4) <u>Do Nothing</u>: if you do nothing, you will remain part of the Settlement Class and will release your claims against the released parties, but you will not receive any money from this settlement. The Court will hold a hearing on [date] to decide whether to approve the Settlement. You may attend.

<u>For more information</u>, visit: www.AaronsTCPASettlement.com; Call: [INSERT NUMBER]; Or Write: Aaron's, Inc. TCPA Settlement Claims Administrator, c/o [INSERT ADDRESS].

---

**You are not being sued.**
**Records show that you may be entitled to money from a class action settlement.**

*Si desea recibir esta notificación en español, visite neustra página web o llámenos*

LEGAL NOTICE
*Grogan v. Aaron's, Inc.*, 1:18-cv-02821 (N.D.Ga.)

   A settlement has been proposed in this lawsuit pending in U.S. District Court for the Northern District of Georgia ("Court").
   This case claims that Aaron's, Inc. d/b/a Aaron's Sales and Lease Ownership ("Aaron's") violated the Telephone Consumer Protection Act by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones, without the prior express consent of potential class members who were not customers of Aaron's. Aaron's denies that it did anything wrong.
   Who Is Included? The Settlement Class includes: (1) all persons who were the subscribers or customary users of a telephone number that was called by Aaron's; (2) with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice; (3) from June 8, 2014 through [date]; (4) where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Aaron's records.

Aaron's, Inc. TCPA
Settlement Class Administrator
c/o
[INSERT ADDRESS]

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. XX



Postal Service: Please do not mark barcode

UNIQUE ID: [00001234]

First Last
Address1
Address2
City State Zip Code

# LONGFORM NOTICE

<u>United States District Court for the Northern District of Georgia</u>

**IF YOU RECEIVED A CALL FROM AARON'S INC. BETWEEN JUNE 8, 2014 AND XXXX WHEN YOU WERE NOT A CUSTOMER OF AARON'S, AND YOU MEET OTHER REQUIREMENTS, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiffs brought a lawsuit alleging that Aaron's, Inc. d/b/a Aaron's Sales and Lease Ownership ("Aaron's") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* by using an automatic telephone dialing system and/or an artificial or prerecorded voice to place calls to cell phones, and that these calls were made without the prior express consent of Class Members, who were not customers of Aaron's. Aaron's denies the allegations in the lawsuit.

- Plaintiffs and Aaron's have agreed to a proposed Settlement, which affects all individuals who were subscribers or customary users of a telephone number that was called by Aaron's using the Genesys Interactive Intelligence System and/or a prerecorded voice, from June 8, 2014 through [insert date], where the telephone number has been associated with a wrong-party wrap up code at any time in Aaron's records (calls that fit within this category are referred to as the "Calls").

- The Settlement, if approved, would provide $2,175,000 to pay valid and timely claims of those persons who received any Calls from Aaron's, as well as to pay Plaintiffs' attorneys' fees, service awards to the four class representatives, and administrative costs of the settlement; avoid the further cost and risk associated with continuing the lawsuit; and release Aaron's from further liability.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **On the website, <mark>www.AaronsTCPASettlement.com</mark>, there is a complete notice of the settlement in Spanish.  En el sitio web, <mark>www.AaronsTCPASettlement.com</mark>, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla español, llame al 1-800-xxx-xxxx.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely claim form online at www.AaronsTCPASettlement.com or by mail to [ADDRESS OF ADMINISTRATOR]. If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Aaron's separately regarding the legal claims in this case. |
| **Exclude Yourself OR "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Aaron's with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................**PAGE 4**
1.  Why is there a notice?
2.  What is this class action lawsuit about?
3.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ...............................................................................**PAGE 4**
4.  How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET**...........................................**PAGE 5**
5.  What does the Settlement provide?

**HOW YOU GET A PAYMENT** ....................................................................................**PAGE 5**
6.  How and when can I get a payment?
7.  What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.......................................**PAGE 6**
8.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ................................................................**PAGE 6**
9.  Do I have a lawyer in this case?
10. How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT**......................................................................**PAGE 7**
11. How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** ...................................................................**PAGE 8**
12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................................**PAGE 8**
14. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..........................................................................**PAGE 8**
15. How do I get more information?

# BASIC INFORMATION

**1. Why is there a notice?**

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because, according to Aaron's records, you may have received one or more Calls from Aaron's between June 8, 2014 and [INSERT DATE HERE].

The Court in charge of the case is the United District Court for the Northern District of Georgia, and the case is known as *Grogan v. Aaron's, Inc.,* Case No. 1:18-cv-02821 (N.D. Ga.). The proposed Settlement would resolve all claims in the case. The people who sued are called Plaintiffs, and the company they sued, Aaron's, Inc., is called the Defendant and is referred to in this Notice as "Aaron's."

**2. What is this class action lawsuit about?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. The Plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Plaintiffs filed this case alleging that Aaron's violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of the recipients.

Aaron's denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

**3. Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Aaron's. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the individuals who attest that they were not customers of Aaron's when they received Calls can receive a payment.  The Plaintiffs and their attorneys think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT?

**4. How do I know if I am part of the Settlement?**

The Settlement includes:

> (1)  all persons within the United States who used or subscribed to a telephone number to which Aaron's made one or more calls to from June 8, 2014 to [insert date here];

> (2)  with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice;

> (3)  and where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Aaron's records.

People who received a Call may include non-customers of Aaron's.  A non-customer is someone who never had any lease agreement with Aaron's.

Excluded from the Class are Aaron's, its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those judges' staffs and immediate families.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.AaronsTCPASettlement.com for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the Settlement provide?**

Aaron's has agreed to pay a total settlement amount of $2,175,000 which will be used to create a Settlement Fund to pay Cash Awards to Settlement Class Members who submit a valid and timely claim, pay Plaintiffs' attorneys' fees and costs, pay service awards to the Plaintiffs, and pay costs and expenses of settlement administration.

Any remaining monies from uncashed Cash Awards may be redistributed in a second distribution to Settlement Class Members who submitted a valid and timely claim.

## HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Cash payments are available to those members of the Class who attest that they were non-customers of Aaron's at the time they received a Call—for example, they did not have a lease agreement with Aaron's. To qualify for a payment, you must submit a valid Claim Form by [DATE].  Each Class Member who submits a valid and timely Claim Form will receive a Cash Award. A Cash Award is a cash payment (distributed by check). The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. Eligible Settlement Class Members may only submit one claim regardless of the number of times the Settlement Class Member was called.

Claims may be submitted electronically at www.AaronsTCPASettlement.com, or by mail to:

Aaron's TCPA Settlement Claims Administrator, [ADDRESS]

The Court will hold a hearing on _____ , 2020 to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**7. What am I giving up to get a payment or stay in the Class?**

If you are a Class Member, unless you exclude yourself, you will release your claims against Aaron's, meaning you can't sue, continue to sue, or be part of any other lawsuit against Aaron's about the legal issues in this case. All of the decisions and judgments by the Court will bind you.

For non-emergency calls made using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, Aaron's has denied that it made any illegal calls to anyone, and in any future lawsuit it will have a full range of potential defenses, including that did not use an automatic telephone dialing system and or artificial or prerecorded voice and it had prior express consent to make the calls.  In addition, please note that the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This settlement permits Class Members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Aaron's from any liability for the Released Claims defined below and in the Settlement Agreement.

Remaining in the Class means that you, as well as any related releasing parties, will release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims.  You further agree that you and they will not sue or otherwise assist others in suing the Released Parties in any court of law or equity, or any other forum with respect to the Released Claims.  However, Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt-out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Aaron's on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

### 8. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a personally-signed letter by mail saying that you want to be excluded from *Grogan v. Aaron's Inc.,* Case No. 1:18-cv-02821 (N.D. Ga.). Be sure to include: (1) your full name, address, and a telephone number where you may be contacted; (2) the telephone number(s) on which you maintain Aaron's called you; and (3) a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than [MONTH DAY], 2020** to:

### Aaron's TCPA Settlement Claims Administrator [ADDRESS]

You cannot exclude yourself over the phone or by fax or email.  If you ask to be excluded, you will not get any Cash Award and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Aaron's in the future.  Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion request.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other Class Members: Lieff Cabraser Heimann & Bernstein, LLP and Meyer Wilson Co., LPA.

These lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

**10. How will the lawyers and class representatives be paid?**

Class Counsel will ask the Court to approve payment of up to $725,000 (33-1/3% of the Settlement Fund) to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of service payments of $10,000 to Class Representative Grogan, and $5,000 to the other three Class Representatives, in compensation for their time and effort on behalf of the Class. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be filed, and must be postmarked, no later than[_____] which is XXXX days following the filing of Class Counsel's motion for an award of attorneys' fees and costs.

## OBJECTING TO THE SETTLEMENT

**11. How do I tell the Court that I do not think the Settlement is fair?**

If you are a Class Member and you do not exclude yourself, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the proposed Settlement in *Grogan v. Aaron's, Inc.,* Case No. 1:1-cv-02821 (N.D. Ga.). Be sure to include: (1) your full name; (2) your address; (3) the telephone number where you may be contacted; (4) the telephone number(s) that you maintain were called; (5) all grounds for the objection, with specificity and with factual and legal support for each stated ground; (6) the identity of any witnesses you may call to testify; (7) copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing; (8) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing you with respect to any objection; (9) a statement of whether you intend to appear at the Final Approval Hearing with or without counsel; and (10) a statement as to whether the objection applies only to you, a specific subset of the Settlement Class, or the entire Settlement Class. **Your objection to the Settlement must be postmarked no later than [MONTH DAY], 2020.**

The objection must be mailed to the following:

| | |
|---|---|
| THE COURT<br>*Grogan v. Aaron's Inc.*<br>Case No. 1:18-cv-02821 (N.D. Ga.).<br>Clerk of the Court<br>U.S. District Court for the<br>Northern District of Georgia<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303 | CLASS COUNSEL<br>Lieff Cabraser Heimann & Bernstein, LLP<br>ATTN: Jennifer Rudnick<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
| [The Settlement Administrator Address] | DEFENSE COUNSEL<br>David M. Gettings<br>Troutman Sanders LLP<br>222 Central Park Ave, Suite 2000<br>Virginia Beach, Virginia 23462 |

# THE FAIRNESS HEARING

## 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at on          ,          , 2020 at the United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom XXXX. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and incentive awards as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

## 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Grogan v. Aaron's, Inc.*, Case No. 1:18-cv-02821 (N.D. Ga.*).* Be sure to include your full name, address, and telephone number, and the case number (1:18-cv-02821). Your letter stating your notice of intention to appear must be postmarked no later than          , 2020 and be sent to the Clerk of the Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

## 14. What happens if I do nothing at all?

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. **In order to receive a payment, you must submit a claim form.** Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Aaron's about the legal issues in this case ever again.

# GETTING MORE INFORMATION

## 15. How do I get more information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-XXX-XXX-XXXX, writing to: Aaron's TCPA Settlement Claims Administrator, [ADDRESS]; or visiting the website at www.AaronsTCPASettlement.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

On the website, www.AaronsTCPASettlement.com, there is a complete notice of the settlement in Spanish. En el sitio web, www.AaronsTCPASettlement.com, hay una notificación completa del acuerdo en español.

# EMAIL NOTICE

EMAIL NOTICE

Class Member ID Number: _____

If you received a call from Aaron's Inc. d/b/a Aaron's Sales and Lease Ownership ("Aaron's") between June 8, 2014 and XXXX when you were not a customer of Aaron's, and you meet other requirements, you may be eligible for a cash payment from a class action settlement.

A settlement has been reached in a class action lawsuit against Aaron's, Inc. ("Aaron's"). The lawsuit, *Grogan v. Aaron's, Inc.*, No. 1:18-cv-02821 (N.D. Ga.), involves claims that Aaron's violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., by using the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice to call cell phones, without the prior express consent of the potential class members.

**Why am I being contacted?** If you received a Notice, it is because, according to Aaron's records, you may have received one or more calls from Aaron's between June 8, 2014 and [INSERT DATE HERE], and you meet other requirements.

**Am I included in the Settlement?** You may be entitled to compensation from this Settlement if you were a subscriber or customary user of a telephone number that was called by Aaron's using the Genesys Interactive Intelligence System and/or a prerecorded voice, from June 8, 2014 through [insert date], where the telephone number has been associated with a wrong-party wrap up code at any time in Aaron's records.

**What Does the Settlement Provide?** The proposed settlement provides for a fund totaling $2,175,000, which will be used to make payments to the class members; notice and administration costs; incentive awards to the class representatives for their time and effort; and attorneys' fees for class counsel. **To receive a settlement check, you must complete and submit a Claim Form by [date].** Cash payments are available to those Class Members who attest that they were received calls from Aaron's when they were not customers of Aaron's. Class Members can file a claim online at www.AaronsTCPASettlement.com, or by U.S. Mail to: Aaron's TCPA Settlement Claims Administrator, [ADDRESS]. For more information about this Settlement, including its benefits, your options, and how to submit a claim, please visit www.AaronsTCPASettlement.com.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must validly exclude yourself by [date]. If you do not exclude yourself, you will release your claims against Aaron's, as more fully described in the Settlement Agreement available for review at www.AaronsTCPASettlement.com. If you do not validly exclude yourself, you may still object to the Settlement by [date]. The detailed Notice available at www.AaronsTCPASettlement.com explains how to exclude yourself or object. The Court is scheduled to hold a hearing on [date] to consider whether to approve the Settlement, Class Counsel's request for attorneys' fees and costs of up to 33-1/3% of the Settlement Fund ($725,000), and an incentive award of $10,000 for the lead Class Representative Grogan and $5,000 for the other three Class Representatives. You can appear at the hearing, but you do not have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**To receive benefits from this Settlement, you must fill out a Claim Form, sign it, and submit it on or before [date]. Claims Forms are available online at www.AaronsTCPASettlement.com. You may submit your Claim Form online or by mail to:**

**Aaron's TCPA Settlement Administrator**

**[Address]**

*For more information, visit www.AaronsTCPASettlement.com or call 1-XXX-XXX-XXXX*

# FACEBOOK PUBLICATION NOTICE

 **Angeion Group**
Sponsored · 🌐

If you received a call from Aaron's, you may be eligible to receive a cash payment from a class action settlement.



AARONSTCPASETTLEMENT.COM

**Aaron's TCPA Settlement**

Learn More

 Like      Comment      Share

 **Angeion Group**
Sponsored · 🌐 ···

If you received a call from Aaron's, you may be eligible to receive a cash payment from a class action settlement.



AARONSTCPASETTLEMENT.C...
**Aaron's TCPA Settlement**

LEARN MORE

 Like      Comment      Share

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW GROGAN, individually and on behalf of all others similarly-situated,<br><br>            Plaintiff,<br><br>    v.<br><br>AARON'S INC.,<br><br>            Defendant. | CIVIL ACTION NO.: 1:18-CV-02821-JPB |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT,
DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT, AND
SCHEDULING A FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiffs Matthew Grogan, Chad Severson, LaTia Bryant, Serge Belozerov, and Defendant Aaron's, Inc. ("Aaron's") (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement,

1

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2.      Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

3.      The Court concludes that the Settlement is likely to be found fair, adequate, and reasonable.

4.      The Class Representatives and Class Counsel have adequately represented the class.  The Court has observed that the Class Representatives and Class Counsel have vigorously and effectively represented the class through the filing of a motion for class certification.

5.      The Settlement was negotiated at arm's length and without collusion, and under the supervision of an experienced and well-respected mediator.

6.      The relief provided by the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class, when measured against, among other things, the costs, risks, and delay of trial and appeal.  In particular, this case presents numerous risks on liability, including the Eleventh Circuit's recent opinion on the definition of an "automatic telephone dialing system" and class certification, in particular the manageability questions posed by a TCPA non-customer class.

2

7.      The Settlement is non-reversionary and is proposed to be distributed on a pro rata basis, a method that is well-established as fair.

8.      Plaintiffs' counsel intend to seek attorneys' fees as a percentage of the common fund, the preferred approach in this Circuit.  The amount to be requested (33-1/3%) as well as the requested service awards do not raise any concerns precluding the directing of notice to the class.  The Court will decide the entitlement to, and amount of, any fees or service awards at the appropriate time.

9.      The parties state that there are no side agreements required to be identified under Rule 23(e)(3).

10.     The Settlement gives equal pro rata shares to each valid claimant, an apportionment that treats Settlement Class Members equitably.

11.     The Court concludes, for purposes of settlement only, that it will likely be able to certify the Settlement Class under Rules 23(a) and 23(b)(3).

12.     The Settlement Class comprises subscribers and users of more than 297,000 telephone numbers and so is sufficiently numerous.

13.     For settlement purposes only, resolution of this litigation would depend on common answers to common questions, including whether Aaron's used an automatic telephone dialing system or artificial voice, and whether Aaron's placed calls to telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call.

14.    For settlement purposes only, Plaintiffs' claims are typical of the class because they arise out of the same factual circumstances and proceed under the same legal theories.

15.    For settlement purposes only, Plaintiffs are adequate Class Representatives because there are no evident conflicts between them and the class, and they, particularly lead Class Representative Grogan, have evidenced a willingness to advocate vigorously for the class.  Class Counsel are experienced attorneys who have been appointed class counsel in numerous TCPA class action cases and settlements.

16.    For settlement purposes only, common issues in this litigation predominate over individual issues. The central elements of the Class's claims concern Aaron's calling practices.

17.    For settlement purposes only, a class action is superior to many individual actions because the TCPA permits statutory damages in an amount not to exceed $1,500 per violation and does not permit an award of attorneys' fees in individual actions.  Therefore, it is not economical for Settlement Class Members to pursue individual claims.

18.    The Settlement Class is defined as:

All persons in the United States (1) who were the subscribers or customary users of a telephone number that was Called by Defendant; (2) with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice; (3) from June 8, 2014 through the date

4

the Court grants preliminary approval of the Settlement; (4) where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Defendant's records.

19.     Plaintiffs Matthew Grogan, Chad Severson, LaTia Bryant, and Serge Belozerov are preliminarily appointed as Class Representatives.

20.     The Court preliminarily appoints the following counsel to serve as Class Counsel: Matthew Wilson of Meyer Wilson, Co., LPA, and Jonathan D. Selbin and Daniel M. Hutchinson of Lieff Cabraser Heimann & Bernstein, LLP.

21.     The Court approves, in form and content, the Mail Notice, the Email Notice, and the Publication Notice attached to the Settlement Agreement as Exhibit C, and finds that they meet the requirements of Fed. R. Civ. P. 23 and satisfy due process.

22.     The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action.   The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting

23.    Angeion Group is hereby appointed Claims Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

24.    The Claims Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

25.    Settlement Class Members who wish to receive the monetary benefit under the Settlement Agreement must complete and submit a valid Claim in accordance with the instructions provided in the Class Notice on or before **[DATE]**.

26.    All Claims must be submitted either electronically, by U.S. Mail, or telephonically to the Settlement Administrator no later than **[Date]**.   Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any monetary benefit from the Settlement.

27.    Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request in the manner described in the Settlement Agreement.  Such exclusion requests must be received by the Settlement Administrator at the address specified in the Class Notice in written form, by U.S. Mail, postmarked no later than **[DATE]**.

28.    In order to exercise the right to be excluded, a Person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing the Class Member's (1) full name, address, and telephone number where he or she may be contacted; (2) the telephone number(s) on which he or she maintains he or she was called; and (3) a statement that he or she wishes to be excluded from the Settlement Class.  Any request for exclusion must be personally signed by the person requesting exclusion.

29.    Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

30.    Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as an Incentive Award for the Class

Representatives, no later than **[DATE]**.  Any Settlement Class Member who has not requested exclusion from the  Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including  the amount of the attorneys' fees and expenses that Class Counsel intends to seek and the payment  of any incentive awards, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 21 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's counsel, and the Settlement  Administrator  no  later  than **[DATE]**.  Addresses  for  Class  Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| | |
|---|---|
| Class Counsel | Matthew Wilson<br>Meyer Wilson, Co., LPA<br>1320 Dublin Road, Suite 100<br>Columbus, OH 43215<br><br>Jonathan D. Selbin<br>Daniel M. Hutchinson<br>Lieff Cabraser Heimann & Bernstein LLP<br>275 Battery St., 29th Fl.<br>San Francisco, CA 94111 |
| Defendant's Counsel | Dave M. Gettings<br>Troutman Sanders LLP<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, VA 23462 |
| Settlement Administrator | INSERT ADDRESS |
| Clerk of Court | Clerk of the Court<br>U.S. District  Court,<br>Northern  District  of Georgia |

| | 2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309 |
| --- | --- |

Any Settlement Class Member who has not requested exclusion and who intends to object to this Agreement must state, in writing: (1) his or her full name; (2) his or her address; (3) the telephone number where he or she may be contacted; (4) the telephone number(s) that he or she maintains were called; (5) all grounds for the objection, with specificity and with factual and legal support for each stated ground; (6) the identity of any witnesses he or she may call to testify; (7) copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; (8) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (9) a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel; and (10) a statement as to whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class.

31.    A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the

9

Settlement and/or Class Counsel's Fee and Expense Application and/or the request for an incentive award to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel.   For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

32.     Any Settlement Class Member who timely objects to the Settlement in the manner provided herein may be required to provide testimony or produce documents under Federal Rules of Civil Procedure 30 and 34, by means of a deposition request and/or document request pursuant to Fed. R. Civ. P. 30, 31, 34, and 45.

33.     All papers in support of the final approval of the proposed Settlement, and in response to any objections, shall be filed no later than fourteen (14) before the Final Approval Hearing.

34.     A hearing (the "Final Approval Hearing") shall be held before the Court on **[DATE AND TIME].**, in Courtroom 2306 of the U.S. District Court for the Northern District of Georgia, 75 Ted Turner Drive, Atlanta, Georgia

30303 (or at such other time or location as the Court may without further notice direct) for the following purposes:

      a.    to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

      b.    to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

      c.    to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from pursuing claims released in the Settlement Agreement;

      d.    to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

      e.    to consider the application for an incentive award to the Class Representatives;

      f.    to consider the distribution of the Settlement Fund under the terms of the Settlement Agreement; and

      g.    to rule upon such other matters as the Court may deem appropriate.

The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement

Class. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

35.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

36.     The Court adopts the following deadlines pursuant to the Settlement Agreement:

| | |
|---|---|
| **Class Notice Mailed by:** | **[date].** |
| **Settlement Website launched by:** | [date]**.** |
| **Fee and Expense Application:** | [date]**.** |
| **Deadline for Objections/Exclusions:** | [date]**.** |
| **Motion in Support of Final Approval:** | [date]**.** |
| **Final Approval Hearing:** | [date]**.** |
| **Claims Deadline:** | [date]**.** |

37.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of

common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

38.     Pending the final determination of whether the Settlement should be approved, all discovery, pre-trial proceedings and briefing schedules in the Action are stayed, except such actions as may be necessary to implement the Settlement Agreement and this Order.  If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

39.     If the Settlement is not finally approved by the Court for any reason, including pursuant to Section 14.01 of the Settlement Agreement, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representatives to assert any right or position that could have been asserted if the Settlement Agreement or Motion for Preliminary Approval had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action pursuant to Section 14.02 of the Settlement Agreement.  Findings related to the certification of the Settlement Class for settlement purposes, or any briefing or materials submitted

seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

40.    Pending the final determination of whether the Settlement should be approved, any Class Representative and all Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until the Final Approval Order or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Any Class Representative and all Settlement Class Members are hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

**IT SO ORDERED.**

Dated: _____, 2020

_____
Honorable J.P. Boulee
United States District Court Judge