IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW GROGAN, LATIA BRYANT, CHAD SEVERSON and SERGE BELOZEROV, on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> AARON'S INC., <br><br>    Defendant. | CIVIL ACTION NO.: 1:18-CV-02821-JPB |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

The Court having held a Final Approval Hearing on October 1, 2020, having entered an Order Granting Preliminary Approval of Proposed Settlement Agreement (the "Preliminary Approval Order") [Doc. 97] and notice of the Final Approval Hearing been duly given in accordance with this Court's Preliminary Approval Order,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3.     The members of the Settlement Class, who will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit a timely and valid Request for Exclusion.  The members of the Settlement Class who have timely requested exclusion are identified in Exhibit A hereto.

4.     Plaintiffs Matthew Grogan, Chad Severson, LaTia Bryant and Serge Belozerov (collectively, "Plaintiffs") shall serve as Class Representatives of the Settlement Class.

5.     The Court appoints the following counsel as Class Counsel on behalf of Plaintiffs and the Settlement Class:  Matthew Wilson, Meyer Wilson, Co., LPA.; and Jonathan D. Selbin and Daniel M. Hutchinson of Lieff Cabraser Heimann & Bernstein, LLP.

6.     For purposes of the Settlement and this Final Approval Order, the Settlement Class is defined as:

> All persons in the United States:
>
> a.     who were the subscribers or customary users of a telephone number that was Called by Defendant;
> b.     with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice;
> c.     from June 8, 2014 through the entry of the Preliminary Approval Order on May 1, 2020; and

      d.    where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Defendant's records.

7.    Excluded from the Settlement Class are all persons who validly and timely elected to exclude themselves from the Settlement Class, Aaron's, its parent companies, affiliates or subsidiaries, and any entities in which such companies have a controlling interest, the Court and staff to whom this case is assigned and any member of the Court's or staff's immediate family.

8.    The Court finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including requirements for the existence of numerosity, commonality, typicality and adequacy of representation.

9.    The Court further finds, solely for the purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied, including the manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues and that Settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this case.

10.    The Court concludes that the Class notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure, satisfy the requirements of due process and were the best notice practicable, under the circumstances, in that the Class Notice

provided individual notice to all Settlement Class Members who could be identified through reasonable effort.  The Class notice and claims submission procedures set forth in the Settlement Agreement support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

11.    The Court finds that Aaron's provided Class Action Fairness Act notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 on May 8, 2020, which was within ten days of the filing of the Preliminary Approval Motion [Doc. 93], and that more than ninety days has passed without comment or objection from any governmental entity.

12.    The Court finds that the Settlement, as set forth in the Settlement Agreement and this Order satisfies each of the requirements of Federal Rule of Civil Procedure 23(e)(2) and is in all respects fair, adequate, and reasonable.

13.    The Court finds, after reviewing the submissions by the Parties, that there are no side agreements required to be identified pursuant to Federal Rule of Civil Procedure 23(e)(3).

14.    The Court finds that the Class Representatives and Class Counsel have adequately represented the Class.  The Court finds that the Class Representatives and Class Counsel vigorously and effectively represented the Class through the filing of a motion for class certification.

15.     The Court finds that the Settlement was negotiated at arm's length, with the assistance of an experienced mediator, and without collusion.

16.     The Settlement is non-reversionary and is proposed to be distributed on a pro-rata basis, a method that is well-established as fair.

17.     The Court finds that the relief provided by the Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class, when measured against, among other things, the costs, risk, and delay of trial and appeal.

18.     The Court also finds that because the Settlement provides an equal pro rata distribution of the Settlement funds, the Settlement treats all Class Members equitably to one another.

19.     The Court has duly considered the sole objection and finds that because it does not implicate any of the Settlement terms, the objection does not weigh against settlement approval.

20.     For these reasons, the Court grants final approval of the Settlement. The Parties shall effectuate the Settlement Agreement according to its terms.  The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

21.     Upon the Effective Date, the Settlement Class Members shall have, by operation of this Final Approval Order, fully, finally and forever released,

relinquished and discharged the Released Parties from all Released Claims pursuant to Section 13 of the Settlement Agreement.

22.     Settlement Class Members are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Parties.

23.     This Final Approval Order, the Final Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Aaron's or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

24.     The claims of the Class Representatives and all members of the Settlement Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Expenses in this case, entered in response to Class Counsel's motion therefor brought in connection with the Settlement, the Parties shall bear their own costs and attorneys' fees.

25.     In the event that Aaron's asserts any provision of the Settlement Agreement or this Order as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a

Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), Aaron's shall be entitled to seek and obtain a stay of that that suit, action or other proceeding until this Court, or the court or tribunal in which the claim is pending, has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement.

26.     The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

27.     If for any reason the Settlement terminates pursuant to Section 14.01 of the Settlement Agreement, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent

class certification issues, and the Parties shall return to the *status quo ante* in the Action pursuant to Section 14.02 of the Settlement Agreement, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement, and all other papers that have been filed with the Court related to the Settlement Agreement had never been reached or proposed to the Court.

28.     The Court, in its discretion, approves the payment from the Settlement Fund of claims submitted or postmarked by October 1, 2020.

29.     Having reviewed the Motion for Approval of Attorneys' Fees, Expenses and Incentive Awards [Doc. 102], the Court approves payment of attorneys' fees and expenses in the amount of one-third of the Settlement Fund ($725,000.00).  These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons:

a.     First, the Court finds that the Settlement provides substantial benefits to the Settlement Class.

   b. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel.

   c. Third, the Court concludes that the Settlement was negotiated at arm's length without collusion and with the assistance of an experienced mediator.

   d. Finally, the Court notes that the Class Notices specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to an amount greater than the amount sought.

  30. The Court denies the Incentive Awards for the Class Representatives because the Eleventh Circuit Court of Appeals, to which this Court is bound, recently prohibited the type of incentive award sought in this case (i.e., an incentive award that compensates a class representative for his time and rewards him for bringing a lawsuit). See Johnson v. NPAS Sols., LLC, No. 18-12344, 2020 WL 5553312, at *12 (11th Cir. Sep. 17, 2020). The denial, however, is without prejudice to refile the motion should Plaintiffs so choose. After the stale date for the first round of pro rata distribution checks, Class Counsel may move for Incentive Awards to be paid from the portion of the Settlement Fund remaining. No second pro rata distribution or cy pres payment will be made until such a motion is resolved, or until Class Counsel notifies the Claims Administrator and

counsel for Defendant that no motion will be filed.  In the event the Court grants a

Motion for Incentive Awards, such Awards will be paid from the remainder of the

Settlement Fund.  The potential for a future Motion for Incentive Awards shall not

affect the finality of this Order or the time to appeal from it or from a Final

Judgment.

31.    The Court finds that no reason exists for delay in entering this Final

Order.  Accordingly, the Clerk is directed to enter this Final Order and the

accompanying Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

32.    The Parties, without further approval from the Court, are hereby

permitted to agree to and adopt such amendments, modifications and expansions of

the Settlement Agreement and its implementing documents (including all exhibits

to the Settlement Agreement) so long as they are consistent in all material respects

with the Final Order and Final Judgment and do not limit the rights of the

Settlement Class Members.

33.    Without affecting the finality of this Final Order or the Final

Judgment for purposes of appeal, the Court retains jurisdiction as to all matters

related to the administration, consummation, enforcement and interpretation of the

Settlement Agreement and this Final Order and accompanying Final Judgment, and for any other necessary purpose.

**SO ORDERED** this 8th day of October, 2020.

J. P. BOULEE
United States District Judge